L. M. KRATZ, Appellant, v. WILLIS F. WOLFF et al., Appellees.

**STIPULATIONS:** Construction. Where a party died, pending an appeal by her from an adverse order in guardianship proceedings, a stipulation by her heirs in full settlement of all controversies except the said appeal, which was to be submitted on its merits, will not obligate said heirs to pay an attorney, who was not a party to the stipulation, for services rendered in said appeal.

*Appeal from Linn District Court.*—F. F. DAWLEY, Judge.

APRIL 6, 1921.

ACTION at law to recover attorney fees. A demurrer to the petition was filed by two of the defendants, and was sustained by the court. The plaintiff, electing to stand upon his petition, has appealed.—*Affirmed.*

*C. W. Meek, J. C. Patterson,* and *L. M. Kratz,* for appellant.

*J. C. Leonard* and *Redmond & Stewart,* for appellees.

PER CURIAM.—The plaintiff is an attorney at law, and as such rendered services for the value of which he sues herein.

The services were not rendered to or at the request of the defendants. The averment of the petition is that the plaintiff rendered the services in reliance upon a certain written stipulation and agreement of the defendants among themselves. Such agreement is set out as Exhibit A to the petition, and is as follows:

"Exhibit A.

"In the District Court of Linn County.

"January Term, A. D. 1916.

"In re Estate of P. A. Wolff and of Rosina Wolff. In Probate.

"Stipulation of Settlement.

"In full settlement of all matters in interest to each and all of the heirs, distributees, devisees, and legatees undersigned, of the estates of P. A. Wolff, Sr., and Rosina Wolff, it is agreed:

" (1)    The claim of Charles S. Wolff, filed, tried, and pending on appeal in the Supreme Court of Iowa, shall be allowed by the administrator of the estate of P. A. Wolff, deceased in the sum of one thousand dollars ($1,000), and all costs incurred on its trial and appeal to this date.

" (2)    The will of Rosina Wolff, now pending for proof, shall be admitted to probate on the filing of this stipulation, showing allowance and settlement of the claim referred to in Item 1 above, and a record entry made that the conditional bequest of thirteen hundred forty ($1,340) dollars to Charles S. Wolff in said will is settled, satisfied, and adeemed, and that the estate and all shall take under said will share and share alike, except that the charge of guardianship trial and costs in said will to Belle M. Palmer shall be borne and paid from the individual distributive shares of all legatees and devisees, except Charles S. Wolff, who shall bear no part of said costs.

" (3) . The matter of the guardianship of Rosina Wolff, referred to in Item 2 above, is now pending on appeal to the Supreme Court of Iowa, and shall be there submitted on its merits of law and fact, regardless of this stipulation, and the costs thereon shall follow the events of the suit. It may be shown to the Supreme Court, however, that, since the trial of this guardianship matter in the district court, Rosina Wolff has deceased.

"(4)  The referee to sell the 11.26 acres shall proceed with diligence to sell and distribute the proceeds of the sale, first deducting expenses, share and share alike.

"(5)  No party hereto shall involve either said estates in litigation in matters of partition thereof, or suits on claims against the same, except C. S. Wolff is entitled to balance due him for staying with his mother during guardianship, or against one another in that behalf, except that any of the parties hereto may insist on a proper accounting in either of said estates, or said partition suit dividing that 11.26 acres.

"(6)  The homestead property near Cedar Rapids of about 40 acres, and the Vandalia real estate, shall be left with real estate firms in Cedar Rapids for rent for the year 1916, and for sale at a fair market price to be agreed upon, and should there be no sale agreed upon within one year, then any distributee may hasten through partition, and nothing herein contained shall prevent any distributee selling and conveying his or her share to anyone and for any price.

"Signed this 21st day of January, A. D. 1916.

"Willis F. Wolff
"Charles S. Wolff
"J. F. Wolff
"P. A. Wolff
"Isabelle Palmer
"Mary Wolff Truax."

The plaintiff was not a party to this stipulation, nor does it appear from the petition that he had any interest, as attorney or otherwise, in the suit in which such stipulation was filed. The petition is rather meager in its statement of the facts. It is difficult to discover therefrom the relevancy, if any, of the stipulation pleaded to plaintiff's right of recovery for attorney fees in another case. Some additional facts have been stated by appellant in his brief. Reference is made therein to previous litigation heretofore considered by this court on appeal. Though the plaintiff is not entitled to add averment of fact to his petition by mere argument, it will, nevertheless, aid us in considering the relevancy of the stipulation to take account of such additional facts. The plaintiff was, in 1915, attorney for Rosina

Wolff, who was the aged mother of all the defendants herein. She had recently become widowed, and was 94 years of age. Her business capacity was not great. She was incurring some obligation to her son Charles, who was living with her and taking a measure of care of her. Some of the other children were watchful of their prospective interest in her estate. The daughter Isabelle Palmer brought a guardianship proceeding against the old mother, and sought the appointment of a guardian. This proceeding was contested. Plaintiff was the attorney for the defendant Rosina. The verdict was adverse to her in the trial court. She prosecuted an appeal to this court, and died before the same reached a hearing. The proceeding was dismissed here without prejudice, leaving the question of her mental competency without adjudication. Rosina left a will, which was presented for probate by one or more of the heirs. The other heirs filed a contest. The stipulation Exhibit A was the settlement of this will contest. Plaintiff's petition herein is somewhat argumentative, and its averments are, to some extent, purported conclusions of law. Plaintiff's reliance is upon Paragraph 3 of the stipulation. The petition avers that the parties signing the stipulation all knew that the plaintiff was the sole attorney representing Rosina in the appeal to this court; that the implication of Paragraph 3 was a direction to the plaintiff, as sole attorney, to prosecute such action; that he did prosecute the same, and that the defendants knew he was prosecuting the same, and made no protest; and that, therefore, they became liable for his attorney fees.

In the prosecution of such appeal, Isabelle Palmer was the adverse party. She was resisting the appeal, and was represented therein by her own attorney. It would be incongruous to say that Isabelle directed the plaintiff to prosecute the suit, and impliedly agreed to pay him therefor, and yet that she employed her own counsel for the purpose of resisting the appeal. It does not appear that any other party to the stipulation had any interest in prosecuting such appeal. It does appear in some of the other litigation that came before us that Charles Wolff was his mother's next friend and champion in her defense in the guardianship proceeding. The manifest intent of the stipulation was to settle all the controversies of the parties thereto, save

the one referred to in Paragraph 3, viz., the appeal in the guardianship matter. That was reserved from the settlement. That was left to be "submitted on its merits of law and fact, *regardless of this stipulation,* and the costs thereon shall follow the event of the suit." It is clear from the foregoing that the stipulation settled nothing pertaining to that appeal. Its settlement was left to the trial of battle. We are very clear that there was nothing in this stipulation which created a liability upon the part of the demurring defendants, Isabelle Palmer and P. A. Wolff, for the payment of the plaintiff's attorney fees. The demurrer to the petition was, therefore, properly sustained by the trial court.—*Affirmed.*